UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



CASE NO. 07-61241-CIV-COHN/SELTZER

JACOB SCHWARTZ, Derivatively on Behalf
of PEDIATRIX MEDICAL GROUP, INC.,

                Plaintiff,
v.

ROGER J. MEDEL, CESAR L. ALVAREZ,
LAWRENCE M. MULLEN, JOSEPH M.
CALABRO, KARL B. WAGNER, THOMAS
W. HAWKINS, KRISTEN BRATBERG,
WALDEMAR A. CARLO, MICHAEL B.
FERNANDEZ, ROGER K. FREEMAN,
PAUL G. GABOS, ENRIQUE J. SOSA, and
PASCAL J. GOLDSCHMIDT,

                Defendants,

- and -

PEDIATRIX MEDICAL GROUP, INC.,
a Florida corporation,

                Nominal Defendant.

_____

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court on April 11, 2008, pursuant to the Court's Preliminary Approval and Scheduling Order entered on January 18, 2008 (the "Scheduling Order"), upon the Stipulation of Settlement entered into by the Parties, dated as of January 16, 2008 (the "Stipulation"), providing for the settlement of the above-captioned derivative action (the "Action"), which Stipulation is incorporated herein by reference; it appearing that due notice of the hearing was given in accordance with the Scheduling Order; the respective Parties having appeared through their attorneys of record; the Court having heard and considered evidence in

1

support of the proposed settlement and dismissal with prejudice of the Action upon the terms and conditions set forth in the Stipulation (the "Settlement"); the attorneys for the respective Parties having been heard; an opportunity to be heard having been given to all other parties and persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the shareholders of Pediatrix Medical Group, Inc. (the "Company") was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. Except for terms defined herein, the Court adopts and incorporates the definitions set forth in the Stipulation for purposes of this Order.

2. The Notice of Hearing and Proposed Settlement of Derivative Action (the "Notice") has been provided to the Company's shareholders, pursuant to and in the manner directed by the Scheduling Order, proof of mailing of the Notice was filed with the Court, and full opportunity to be heard has been offered to all parties and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23.1 ("Rule 23.1") and due process under the United States Constitution and any other applicable laws, and it is further determined that the Company, the Individual Defendants, Plaintiff and all of the Company's shareholders are bound by this Order and Final Judgment.

3. The Stipulation and the Settlement are fair, reasonable and in the best interests of the Company and its shareholders and are hereby approved pursuant to Rule 23.1. The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the

Settlement in accordance with its terms and provisions, and the Clerk of Court is directed to enter and docket this Order and Final Judgment.

4. This Order and Final Judgment shall not constitute any evidence of or admission by any of the Parties herein that any acts of wrongdoing have been committed by any of the Parties to the Action and shall not be deemed to create any inference that there is any liability therefor.

5. The Action is hereby dismissed with prejudice as to the Individual Defendants and the Company and against Plaintiff and all of the Company's shareholders on the merits and, except as explicitly provided in the Stipulation, without costs.

6. Released Claims are all statutory and common law claims, rights, demands, suits, matters, actions or causes of action, liabilities, damages, losses, obligations, judgments, fees, expenses, costs, matters, and issues, of any kind, whether known or unknown or suspected to exist, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, matured or un-matured, at law or in equity, that have been, could have been, or in the future can or might have been, asserted in the Action or in any court or other adjudicatory tribunal or proceeding, by or on behalf of Plaintiff, whether in a derivative, direct, representative or in any other capacity, by any past or present shareholder of the Company, derivatively or in their status as shareholders of the Company, by the Company, or by their or its predecessors, successors or assigns (or any person(s) claiming by, through, in the right of, or on behalf of them or the Company by assignment or otherwise (except to the extent claims against insurance carriers are specifically reserved as provided in the Stipulation), which have arisen, arise now or hereafter arise out of or relate in any manner to the allegations, facts, events, practices, conduct, transactions, matters, acts, occurrences, statements, representations, alleged misrepresentations or omissions, or any other matter, thing, or cause whatsoever, involved, referred to, or otherwise related directly or

indirectly, in any way to the Action or the subject matter of the Action, including, without limitation, any claims in any way related to: (i) the fiduciary obligations of the Individual Defendants or any other Released Persons relating to or in connection with the allegations made in the complaint in the Action or the investigation of such allegations; (ii) any disclosures or alleged misrepresentations or omissions allegedly made or not made by any of the Individual Defendants or any other Released Persons regarding the subject matter of the Action; (iii) any filings made regarding the subject matter of the Action; (iv) the stock option granting practices of the Company, the actions of the Audit and Special Committees (the "Committee", as defined in the Stipulation), the Compensation Committee and any other committee of the Board, and any and all disclosures made in connection with any of the foregoing; and (v) the Settlement and the Stipulation or any other matters described or alleged in the Stipulation, excepting only claims for enforcement of the terms or conditions of the Stipulation.

7. The releases set forth herein and in the Stipulation extend to Unknown Claims (as defined in the Stipulation). The Releasing Parties are deemed to have relinquished, to the extent applicable and to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code; and the Releasing Parties are deemed to have waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, federal law or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542.

8. Plaintiff (whether in a derivative, direct, representative or in any other capacity), the Company's past and present shareholders (derivatively or in their status as shareholders of the Company), and anyone claiming through or for the benefit of any of them, are hereby permanently enjoined from asserting, commencing, prosecuting, assisting, instigating or in any way participating in the commencement or prosecution of any action or other proceeding, in any

forum, asserting any Released Claims (as defined above), against any Released Persons (as defined in the Stipulation).

9. Notwithstanding any other provision of this Order and Final Judgment to the contrary, nothing in this Order and Final Judgment shall be construed to: (a) release, discharge, extinguish or otherwise compromise any claims or potential claims that Pediatrix or any person who is or was a Defendant in the Action may have under or relating to any policy of liability or other insurance policy; or (b) release any insurer, co-insurer, excess insurer or reinsurer from any obligation owed to Pediatrix or any person who is or was a Defendant in the Action for indemnity or coverage under or relating to any policy of liability or other insurance policy.

10. Counsel for Plaintiff is awarded attorneys' fees and expenses (including costs and disbursements) in the total amount of $1,500,000, which sum the Court finds to be fair and reasonable, and which shall be paid by the Company to Coughlin, Stoia, Geller, Rudman & Robbins LLP, within ten (10) business days of the date of this Order and Final Judgment. Plaintiff's counsel shall maintain the attorneys' fees and expense payment in an interest bearing escrow account until such time as the Final Approval (as defined in the Stipulation), and subject to Plaintiff's counsel's obligation to make appropriate refunds or repayment plus interest if, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the amount of attorneys' fees and expenses awarded herein is reduced or reversed. Except as provided herein, Plaintiff and Plaintiff's counsel shall bear their own fees, costs and expenses and no Defendant shall assert any claim for expenses, costs and fees against Plaintiff or Plaintiff's counsel. Nothing contained herein shall be deemed to prejudice the rights of Defendants to seek reimbursement of the attorneys' fees and expenses awarded herein under any policy of liability or other insurance policy. No other counsel shall be entitled to any other award of attorneys' fees or costs.

11. If Final Approval fails to occur, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

12. The effectiveness of this Order and Final Judgment and the obligations of Plaintiff, the Company and the Individual Defendants under the Stipulation and the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates to the issue of Plaintiff's counsel's application for an award of attorneys' fees and expenses.

13. The Court reserves jurisdiction, without affecting the finality of this Order and Final Judgment, over: (a) all matters relating to the administration and consummation of the Settlement in accordance with the Stipulation; (b) enforcement of orders, injunctions and releases set forth herein; and (c) all other matters related or ancillary to the foregoing. The Clerk may close this case at this time.

**DONE AND ORDERED** this 11th day of APRIL, 2008 in Fort Lauderdale, Southern District of Florida.

_____
THE HONORABLE JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies furnished to all counsel of record